STIVENDER *v.* STIVENDER

DIVORCE—PROPERTY SETTLEMENT—INSURANCE POLICY—PAYMENT OF PREMIUMS.
　　Modification of judgment of divorce by order *nunc pro tunc* to provide that wife should have complete ownership of insurance policies on life of husband, including all rights of an absolute owner, which was designed to permit wife to collect the cash surrender values of the policies, was error, where the original judgment of divorce provided that policies should be assigned to wife as her property and that she should pay the premiums, but that if she should predecease the husband ownership of the policies should revert to him.

Appeal from Oakland, William John Beer, J. Submitted Division 2 January 8, 1969, at Detroit. (Docket No. 4,787.) Decided March 28, 1969.

Complaint by Paul M. Stivender against Grace L. Stivender for divorce. Judgment of divorce and property settlement granted. Defendant moves to amend judgment of divorce. Motion granted. Plaintiff appeals. Reversed.

*Marlin J. W. Campbell,* for plaintiff.

*Wallace D. Riley,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation §§ 665, 678, 690.

Retrospective modification of, or refusal to enforce, decree for alimony, separate maintenance, or support. 6 ALR2d 1277.

Entering judgment or decree of divorce nunc pro tunc. 19 ALR 3d 648.

Propriety and effect of provision in decree in divorce suit in respect of policy of insurance on life of husband. 145 ALR 522.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Plaintiff-husband filed a complaint for divorce in July, 1963, and defendant-wife filed a counterclaim for separate maintenance in September, 1963. On the date of trial the parties and their attorneys arrived at a property settlement following a lengthy consideration of the matter. The property settlement was dictated on the record of the court and agreed to by both parties. A judgment of divorce was granted by Oakland county circuit Judge Philip Pratt on July 9, 1964. This judgment of divorce was amended by consent of the parties on August 26, 1964.

On July 6, 1967 the defendant-wife, through a new attorney, filed a petition to modify the amended judgment of divorce of 1964 so as to "conform to the intention of the parties." The case was heard by Oakland county circuit Judge William J. Beer and approved by him on August 28, 1967. Plaintiff-husband filed objections to the entry of the order of modification, saying that Judge Beer lacked jurisdiction to modify a judgment of divorce with respect to the property settlement. The order to modify was granted by Judge Beer on November 30, 1967.

Plaintiff appeals from the grant of the order modifying the amended judgment of divorce.

In the original and first amended judgment of divorce the following appeared:

"It is further ordered and adjudged that policies numbered 701416 and 811438 issued by Phoenix Mutual Life Insurance Company of Hartford, Connecticut and Policy No. 2201211 issued by the Northwestern Mutual Life Insurance Company on the life of Paul M. Stivender, all of the face value of $5,000 each shall be assigned by the plaintiff to the defend-

ant as her sole and separate property and the defendant shall pay the premiums as they shall become due during the lifetime of the plaintiff or until the death of the defendant; in the event the defendant predeceases the plaintiff the ownership of said policies shall be immediately reassigned to the plaintiff and he shall become the sole owner thereof; and

"It is further ordered and adjudged that the defendant, Grace L. Stivender, shall be made the irrevocable beneficiary until plaintiff retires from General Motors Corporation for one-half of the death benefits under the terms and conditions of Policy No. 35-319-019-998 issued by the Metropolitan Life Insurance Company, under the conditions of Group Policy No. 14000-G; upon retirement of plaintiff or in the event the defendant, Grace L. Stivender, shall predecease the plaintiff, Paul M. Stivender, any right or benefit under the terms of said policy in favor of said defendant shall immediately terminate and the plaintiff will be free to make any change of beneficiary or otherwise that he may so desire under the terms and conditions of said Group Policy;

\*    \*    \*

"It is further ordered and adjudged that a copy of this judgment shall be served upon each of the insurance companies named herein and in the event that any requirements of said insurance companies are not in accordance with this judgment it may be modified to carry out the terms hereof to comply with the insurance contracts."

After entry of the judgment of divorce in July, 1964, the defendant-wife tried to assert her so-called complete ownership of the life insurance policies on the life of her former husband by surrendering them for their cash value. She was unsuccessful because the requirements of the insurance companies were not in accordance with the judgment, so she filed her

petition to modify the judgment of divorce on July 6, 1967.

The order modifying the judgment of divorce *nunc pro tunc* provided as follows:

"Ordered that the defendant-wife, Grace L. Stivender, shall have the complete ownership (including all of the rights of the absolute owner of such policies as the respective contracts provide) of Phoenix Mutual Life Insurance Company Policies #701416 ($5,000 face value) and #811438 ($5,000 face value) and of Northwestern Mutual Life Insurance Company Policy #2201211 ($5,000 face value), and that said defendant shall pay the premiums upon said policies or any of them so long as they shall be in force; and,

"It is further ordered, that defendant-wife, Grace L. Stivender, shall be designated as beneficiary entitled to receive one-half of the death benefit proceeds under the General Motors Corporation Group Insurance Program, Unit Code No. 945–2133, with Metropolitan Life Insurance Company (Group No. 1400-G) as long as the defendant-wife survives the plaintiff, the entire interest of which group policy is worth a face amount of $22,200 and reduces 2% ($444) monthly after the plaintiff's age 65 to $5,994 and on which there are no premiums to be paid after the plaintiff reaches 65."

An examination of the relevant portion of the record and the judgment of divorce indicates that no clarification was necessary. The defendant-wife was required to "pay the premiums." This provision is as mandatory on the wife as it would be on a husband who is required by order of the court to pay premiums on an insurance policy maintained for the protection of a former wife. Since premiums must be paid by the wife, they cannot be surrendered for their cash value.

Reversed. Costs to appellant.